IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHARLES BARKER, III et al.**,

    Plaintiffs,

        v.

**GMAC MORTGAGE, LLC., et al.**,

    Defendants.

No. 3:11-cv-579-ST

OPINION AND ORDER

**MOSMAN, J.**,

On May 12, 2011, Charles Barker III moved for a preliminary injunction to prevent the foreclosure of his home. Because he has not shown a likelihood of success on the merits, his motion is denied.

## LEGAL STANDARD

Under the recent Supreme Court standard articulated in *Winter v. Natural Resources Defense Council*, preliminary relief may be granted if the court finds: (1) the moving party has a likelihood of success on the merits; (2) the moving party is likely to suffer irreparable harm if the preliminary relief is not granted; (3) the balance of equities tips in favor of the moving party; and (4) the advancement of the public interest favors granting injunctive relief. *Winter*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). This test rejects the Ninth Circuit's earlier approach that the mere possibility of irreparable harm is sufficient to grant a preliminary injunction. Rather, the new threshold requires a likelihood of irreparable harm.

1 – OPINION AND ORDER

The Ninth Circuit re-examined this test following *Winter*, and held that the moving party may meet the burden by showing that: (1) serious questions going to the merits are raised; (2) the balance of hardships tips sharply in the moving party's favor; (3) the moving party is likely to suffer irreparable harm if the preliminary relief is not granted; and (4) the granting of injunctive relief is in advancement of the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Whereas this new standard incorporates the likelihood of irreparable harm as a threshold requirement, it maintains the Ninth Circuit's previous sliding scale, known as the "serious questions" approach. *Id*. Under the "serious questions" approach, the greater the likelihood of irreparable harm, the lower the standard for the likelihood of success, to the point where even the mere presence of serious questions going to the merits and a tipping of the hardships sharply in the moving party's favor may satisfy the standard. *Id*.

## DISCUSSION

Mr. Barker fails under the first test because he has not shown a likelihood of success on the merits. He fails the second test because he has not shown that serious questions are raised on the merits. Mr. Barker's memorandum in support of his motion for a preliminary injunction relies primarily on the argument that MERS cannot be a proper beneficiary under Oregon law. Memo. in Supp. [7] 2. MERS can be a proper beneficiary, so this argument fails. *Beyer v. Bank of Am.*, No. 3:10-523-MO, slip op. at 5 (D. Or. Aug. 1, 2011).

Mr. Barker's amended complaint doesn't help either. He brings ten claims against the defendants, which can be grouped into five categories. The first category relates to the allegation that MERS cannot be a proper beneficiary under Oregon law. Am. Compl. [25-1] 30. Because MERS can be a proper beneficiary, this argument fails. *Beyer*, No. 3:10-523-MO, slip op. at 5.

The second category includes Mr. Barker's fraud claims. He claims the defendants committed fraud and submitted false affidavits, but these claims lack adequate details. Am.

2 – OPINION AND ORDER

Compl. [25-1] 24–26, 27. Because these claims do not meet the specificity requirements of Federal Rule of Civil Procedure 9(b), they do not raise serious questions on the merits. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)) (Rule 9(b) "requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.").

The third category of claims involves violations of the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2601. Mr. Barker alleges that the lenders violated RESPA by failing to provide the original copies of the promissory note and trust deed. Am. Compl. [25-1] 35–36. RESPA requires loan servicers to respond to qualified written requests, which include only "statement[s] of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Servicers must respond with "information requested by the borrower." 12 U.S.C. § 2605(e)(2)(C)(i). Mr. Barker has not pointed to any provision in that statute that requires production of original copies. Mr. Barker's RESPA claim also fails to justify a preliminary injunction because RESPA violations are penalized with monetary damages, not setting aside a foreclosure. 12 U.S.C. § 2605(f). Because his RESPA recovery, if any, will be strictly monetary there is no irreparable injury and the immediate balance of hardships does not tip sharply in his favor.

3 – OPINION AND ORDER

The fourth category of claims involves a demand that the defendants present the original promissory note before foreclosing. Am. Compl. [25-1] 31. This is not required by Oregon law. *Beyer*, No. 3:10-523-MO, slip op. at 2.

The final category of claims includes all the allegations of general unfairness. This includes among others, claims that the defendants should have returned his phone calls, that defendants are earning windfall profits, that they were bailed out by the government, that they would not renegotiate his loan, that they were unfair, and that they enticed him to enter the contract. Am. Compl. [25-1] 25, 33, 38, 39, 42, 45, 47. These actions are certainly troubling as a matter of general policy, and are both unkind and unwise as to Mr. Barker, but Mr. Barker has not shown how they violate the law.

## CONCLUSION

Because Mr. Barker has not shown a likelihood of success or raised serious questions on the merits, his motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED this   2nd   day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER