IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHARLES BARKER, III, et al.**,

    Plaintiffs,

    v.

**GMAC MORTGAGE, LLC, et al.**,

    Defendants.

No. 3:11-cv-00579-MO

OPINION AND ORDER

    **MOSMAN, J.**,

    In this proceeding plaintiffs Charles Barker III and Elmer Dunham are challenging foreclosure proceedings on seven properties. The many defendants filed motions for summary judgment and motions to dismiss, raising a barrage of arguments as to why plaintiffs' claims fail. I then denied plaintiffs' request for a preliminary injunction, concluding plaintiffs failed to show a likelihood of success on the merits. Plaintiffs moved for reconsideration of that order, and the parties then completed briefing on the motions for dismissal and summary judgment. Plaintiffs also filed a Second Amended Complaint on August 17, 2011, which the defendants moved to strike. I now deny defendants' motion to strike the Second Amended Complaint [133], but grant defendants' motions to dismiss and for summary judgment [85] [93] [94] [97] [102] because

1 – OPINION AND ORDER

plaintiffs' claims fail as a matter of law, even as pled in the Second Amended Complaint. I also deny plaintiffs' motion for reconsideration of my preliminary injunction ruling [123].

## DISCUSSION

Treating the Second Amended Complaint as the operative document, plaintiffs have still failed to identify a legally cognizable claim against the foreclosure proceedings at issue. Ten of the claims in the Second Amended Complaint were included in the First Amended Complaint and have not changed in any way that matters. In ruling on plaintiffs' request for a preliminary injunction, I held none of those ten claims had merit and explained their deficiencies. Plaintiffs' many filings since then—a motion for reconsideration, a response to the defendants' summary judgment motions, and the Second Amended Complaint itself—have done nothing to change the rationale of my prior ruling or its implication. Most of the claims assert no specific misconduct, attack the mortgage system in general, and are based on nothing more than notions of public policy and unfairness. The only alleged misconduct I can discern from plaintiffs' filings is that MERS served as beneficiary in at least some of the transactions at issue, and possibly that some defendants failed to present promissory notes at the time of foreclosures. That conduct, even if true, does not violate Oregon law. *See Beyer v. Bank of Am.*, 10-cv-523-MO, 2011 WL 3359938 (D. Or. Aug. 2, 2011).

Plaintiffs' motion for reconsideration stresses that the alleged invalidity of MERS is only a small part of their case. Instead, plaintiffs argue, they are contesting the failure of defendants to record transfers of trust deeds. (Pls.' Mtn. for Reconsideration [123] 7-8). But plaintiffs have not identified any such failure. Rather, their theory seems to be that the defendants somehow

2 – OPINION AND ORDER

failed to record transfers of trust deeds *because MERS was used in these transactions*.[1] Thus, plaintiffs' claims do indeed appear based on the argument that MERS is not a valid beneficiary. Likewise, plaintiffs' motion for reconsideration argues the "show me the note" argument is not a major part of their suit. It then expressly acknowledges, however, that plaintiffs' claims are based on that argument. (*Id*. at 11). In any event, if the claims are based on anything besides these two theories, plaintiffs' claims fail to meet the basic pleading requirements despite the fact that these deficiencies have been pointed out numerous times.

The one claim that might not be based on these theories is plaintiffs' Real Estate Settlement Procedure Act ("RESPA") claim. Plaintiffs vaguely assert that some of the seventeen defendants failed to respond to unidentified written requests for information. Plaintiffs acknowledge receiving at least some responses to requests but appear to complain that the responses they received were improper because they failed to provide originals of requested documents and instead only supplied "redundant copies." Plaintiffs have been unable to point to any requirement under RESPA that requires originals of documents and are unable to explain this claim any further.

The Second Amended Complaint adds five more claims, but these too fail. They are vague but also appear premised on the argument that MERS cannot be a valid beneficiary. Plaintiffs' two claims under the Fair Debt Collection Practices Act apparently assert that MERS improperly identified itself as a beneficiary. Plaintiffs' RICO claim alleges that the defendants created an illegal scheme of recordation, apparently by using MERS as a beneficiary. Plaintiffs' conversion claim is apparently based on defendants' "noncompliance" with Oregon law by designating MERS a beneficiary. The only other claim, a Truth in Lending Act claim, does not

---

[1] For example, the Second Amended Complaint includes several pages of "points and authorities" in which plaintiffs apparently collected sources indicating that MERS is not a valid beneficiary. Their response to the motions for summary judgment likewise attacks the validity of MERS and does not identify any other way in which trust deed transfers were not properly recorded.

3 – OPINION AND ORDER

allege any misconduct at all but vaguely refers to "purposeful deception." Based on the other allegations, the only deception I can imagine plaintiff is referring to is "deception" tied to MERS's unlawful beneficiary status. All of these claims thus fail as well.

## CONCLUSION

Plaintiffs have now had three tries at stating a valid claim. Before filing their Second Amended Complaint, they had the benefit of my ruling on their request for a preliminary injunction and all of the defendants' motions to dismiss and motions for summary judgment. Accordingly, dismissal with prejudice is appropriate. I GRANT defendants' various motions for joinder [112] [132] [138] [141] [142] [143] [150] [153]. I DENY defendants' motion to strike the Second Amended Complaint [133] and also DENY plaintiffs' motion for reconsideration [123]. I GRANT defendants' motions to dismiss and for summary judgment [85] [93] [94] [97] [102].

IT IS SO ORDERED.

DATED this __6th__ day of October, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court